**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| DWIGHT A. THOMAS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:11-CV-00524-DGK |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This motion arises out of Dwight A. Thomas' convictions for distributing cocaine base and possession with intent to distribute at least 50 grams of cocaine base. He is currently serving concurrent sentences of 240 months' imprisonment and life imprisonment, respectively, for these offenses.

Pending before the Court is Thomas' *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (doc. 1). Thomas seeks to vacate his conviction and sentence on the grounds that his attorney was constitutionally ineffective for failing to dismiss the indictment and for permitting him to be tried while legally incompetent. Holding that the record shows conclusively that he is not entitled to relief, the Court finds an evidentiary hearing is unnecessary and that the motion should be DENIED. The Court also declines to issue a certificate of appealability.

### BACKGROUND

On October 5, 2004, a grand jury indicted Thomas with distributing cocaine base in an amount of at least three grams, but not more than four grams, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession with intent to distribute at least 50 grams, but not more

than 150 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Although an arrest warrant was promptly issued, due to an erroneous date of birth on the original warrant, Thomas remained a fugitive for slightly more than three years.

Thomas was arrested on February 8, 2008. He was arraigned on February 26, 2008, at which time the court appointed Thomas an accomplished federal public defender, Larry Pace, as his attorney. At the same hearing, Thomas pled not guilty, and the court ordered him detained while awaiting trial.

On July 18, 2008, the Government filed an information under 21 U.S.C. § 851 alleging that Thomas had two prior felony drug convictions. The effect of the information was to provide for enhanced statutory penalties under 21 U.S.C. § 841(b)(1)(A) which mandated a sentence of life imprisonment if Thomas were convicted on Count Two.

On July 29, 2008, after a two-day jury trial, Thomas was found guilty on both counts. On December 12, 2008, the Court sentenced Thomas to 240 months' imprisonment on Count One, the statutory maximum sentence, and life imprisonment on Count Two, the sentences to be served concurrently. On January 29, 2010, the United States Court of Appeals for the Eighth Circuit affirmed the convictions and sentences. *United States v. Thomas*, 593 F.3d 752 (8th Cir.), *cert. denied*, 131 S.Ct. 259 (2010).

On May 19, 2011, Thomas timely filed the pending motion to vacate his conviction and sentence pursuant to § 2255.

## DISCUSSION

**A.     Counsel's performance was not deficient.**

Thomas argues that his attorney's performance was constitutionally deficient because he (1) failed to move the Court to dismiss the indictment for violation of the Sixth Amendment's

2

speedy trial provision; and (2) permitted Thomas to be tried while legally incompetent. There is no merit to either claim.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonable competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Thus, the analysis contains two prongs, a performance prong and a prejudice prong. *See Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992). Failure to satisfy either prong is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

**1.      Counsel's decision not to file a motion to dismiss was reasonable.**

Thomas contends that his attorney erred by not filing a motion to dismiss based on speedy trial violations. As his trial counsel's affidavit makes clear, however, Thomas discussed with his attorney whether or not to file such a motion, and he agreed with his attorney's tactical decision not to file the motion so that the case would continue to age, hopefully making it more difficult for the government to prove its case, thereby enhancing Thomas' ability to negotiate a plea agreement that did not include any § 851 enhancements. Pace Aff. (doc. 9-1) at ¶ 3.

3

Consequently, counsel's decision not to file a motion to dismiss was reasonable and within the range of professionally competent assistance. Because Thomas has not met the performance prong of the *Strickland* test, this claim must be denied and there is no need to consider the prejudice prong of the analysis. *See Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

### 2. Thomas is unable to show he was incompetent to stand trial.

Absent some contrary indication, the court presumes a defendant is mentally competent to stand trial. *United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006). A "defendant will be found competent if he is able to consult with his lawyer with a reasonable degree of rational understanding and [has] a rational as well as factual understanding of the proceedings against him." *United States v. Robinson*, 253 F.3d 1065, 1067 (8th Cir. 2001) (internal quotations and citations omitted). In determining competency, the district court may consider "numerous factors, including expert medical opinions and the court's observation of the defendant's demeanor" at trial. *Id.* However, "[r]etrospective determinations of whether a defendant is competent to stand trial . . . are strongly disfavored." *Weisberg v. Minnesota*, 29 F.3d 1271, 1278 (8th Cir. 1994). The defendant bears the burden of demonstrating that he was not competent to stand trial, *United States v. Jimenez-Villasenor*, 270 F.3d 554, 559 (8th Cir. 2001), and the district court's determination of competency is reviewed for clear error. *Vogt v. United States*, 88 F.3d 587, 591 (8th Cir. 1996).

In the present case, there is no evidence suggesting Thomas was incompetent to stand trial. Although Thomas has presented medical records proving he suffered a gunshot wound to the head in 2003, these records do not establish that his mental capacity was diminished in any way, much less sufficiently damaged such that he was incompetent to stand trial. On the contrary, the record shows that before trial Thomas "denied that [the gunshot wound] affected

4

his ability to remember facts or to read and understand the discovery documents;" was able to discuss with his attorney trial strategy and the negative effects of taking the witness stand due to his prior felony convictions; and could recall the facts surrounding the 2004 and 2008 narcotics investigations. Pace Aff. (doc. 9-1) at ¶ 4.  This evidence is consistent with the Court's own observations of Thomas made before, during, and after his trial, as Thomas interacted appropriately with counsel, the court, and court personnel at all times.  Because Thomas has not demonstrated that he was incompetent to stand trial, there is no merit to Thomas' claim that his counsel allowed him to be tried while he was legally incompetent and thus denied him effective assistance of counsel.

**B.      No evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted).  "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

In the present case, Thomas' claims are contradicted by the record which shows the decision not to seek dismissal of the 2004 charges was a reasonable tactical decision, and that Thomas has provided no evidence that he was mentally incompetent at any time during the proceedings.  Consequently, no evidentiary hearing is required or will be held.

5

Case 4:11-cv-00524-DGK   Document 12   Filed 01/20/12   Page 5 of 6

C.  **No certificate of appealability should be issued.**

In order to appeal an adverse decision on a § 2255 motion, a petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). District courts customarily address this issue contemporaneously with the order on the motion. *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). Here, no reasonable jurist would agree to grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

**Conclusion**

Holding that the record shows conclusively that Thomas' attorney was not constitutionally ineffective for failing to move to dismiss the indictment and for not seeking to have him declared incompetent to stand trial, the motion (doc. 1) is DENIED. The Court also declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   January 20, 2012                              /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT